FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT LEE DONEY,<br><br>                 Plaintiff,<br><br> v.<br><br>JEFFEREY UTTECHT,<br>Superintendent of CRCC,<br><br>                 Defendant. | NO: 4:20-CV-5156-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) |

      BEFORE THE COURT is a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), ECF No. 32, by Defendant Jefferey Uttecht. Plaintiff Robert Lee Doney, who is proceeding pro se, did not respond within the 30 days allotted by LCivR 7(c)(2), so the Court proceeds to a decision without awaiting a reply from Defendant Uttecht. The Court has reviewed Defendant's Motion to Dismiss, Plaintiff's Amended Complaint, ECF No. 8, the remaining record, the relevant law, and is fully informed.

///

///

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) ~ 1

## BACKGROUND

At the time of filing his Amended Complaint for relief under 42 U.S.C. § 1983, Doney was an inmate at Coyote Ridge Corrections Center ("CRCC").[1] Doney alleges that Uttecht, who is Superintendent of CRCC, violated his United States and Washington Constitutional rights to exercise his religion freely when orders issued to inhibit the spread of the novel coronavirus ("COVID-19") prevented Doney from using the Native American sweat lodge and the smudge pad. ECF No. 8 at 5–6. Doney alleges that Superintendent Uttecht's prohibition against using the sweat lodge and smudge pad "during the months of April and March 2020" and continuing through Doney's filing of his Amended Complaint on November 12, 2020, caused Doney to suffer "religious pain and loss of [his] daily and weekly smudge and sweat lodge red road travel and walk to use smudge and cleanse evil spirits off of my body and mind." *Id.* at 7. Doney seeks seven million dollars in damages. *Id.* at 8.

## LEGAL STANDARD

Complaints filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether a complaint states a cognizable legal theory as well as essential facts under that theory. *See*

---

[1] As of April 27, 2021, Doney changed his address to a different Washington State correctional facility.

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). When a defendant challenges a complaint's sufficiency under Fed. R. Civ. P. 12(b)(6), the court must determine whether the complaint bears "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marin Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The non-conclusory factual allegations need not be detailed but must "raise a right to relief above the speculative level.[]" *Twombly*, 550 U.S. at 555 (internal citation omitted).

## DISCUSSION

The First Amendment to the United States Constitution provides, in relevant part, that Congress shall make no law prohibiting the free exercise of religion. U.S. Const. Amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). A prisoner's free exercise rights are not absolute; limitations on a prisoner's free exercise rights arise from both

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) ~ 3

the fact of incarceration and from valid penological objectives. *Id*. (free-exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security"). A First Amendment free exercise claim may prevail if the plaintiff can show that the defendant acted intentionally to substantially burden his ability to exercise a sincerely held religious belief and that this burden is not reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987); *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008).

"A burden on the exercise of religion is substantial if it substantially pressures an inmate 'to modify his behavior and violate his [sincerely held religious] beliefs.'" *Babcock v. Clarke*, 373 Fed. Appx. 720, 721 (9th Cir. 2010) (quoting *Shakur*, 514 F.3d at 888). To "substantially burden" the practice of an individual's religion, the interference must be more than an inconvenience. *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (overruled on other grounds by *Penwell v. Holtgeerts*, 386 Fed.Appx. 665 (9th Cir. 2010)) (finding that shackling an inmate on his way to religious services, failing to give 10-15 minutes of notice before religious services, requiring sign-ins for religious services, and subjecting inmates to abusive language were inconveniences that did not rise to the level of "substantial burden"). The interference also must be more than an irregular or short-term occurrence. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (finding that the sporadic

interruptions of prayer the inmate experienced on at most 18 occasions did not constitute a "substantial burden").

The determination of whether a prison official's acts are reasonably related to legitimate penological interests requires the Court to balance four factors: "(1) whether there is a valid rational connection between the prison regulation and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) whether accommodation of the asserted constitutional right will impact guards and other inmates or prison resources generally; and (4) whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives." *Austin v. Brown*, No. 18cv0600-WQH (JLB), 2020 U.S. Dist. LEXIS 162071, at *23 (S.D. Cal. Sep. 3, 2020) (citing *Turner*, 482 U.S. at 89–90; *Shakur*, 514 F.3d at 884).

### *Qualified Immunity*

Defendant moves to dismiss on the basis that he is entitled to qualified immunity from Plaintiff's claim. ECF No. 32 at 5. The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to qualified immunity, courts ask two questions: whether the alleged facts state a violation of a constitutional right and whether the right is clearly

established such that that a reasonable official would have known that his conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 200, (2001); *Pearson*, 555 U.S. at 236.

The court need not identify a case that is directly on point before concluding that the law is clearly established, "'but existing precedent must have placed the statutory or constitutional question beyond debate.'" *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). A right is clearly established where it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Hines v. Youseff*, 914 F.3d 1218, 1229 (9th Cir. 2019) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). In determining if the right is clearly established, the court must consider the law "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (internal quotation marks omitted).

Accepting as true Plaintiff's allegations that he was denied any access to the sweat lodge and smudge pad from March 2020 through at least November 2020, a period of nine months, Plaintiff has stated a plausible substantial burden on his right to exercise his Native American religious beliefs. *See* ECF No. 8; *Freeman*, 125 F.3d at 737 (requiring the burden to rise above mere inconvenience).

Moreover, Defendant does not offer any caselaw to establish as a matter of law that completely restricting Plaintiff from accessing the sweat lodge and smudge pad was reasonably related to a legitimate penological interest. Instead, Defendant

highlights that Doney acknowledges that the orders that restricted his access to the sweat lodge and smudge pad were implemented during the COVID-19 pandemic. ECF No. 32 at 4 (citing ECF No. 8 at 5). Defendant further cites to dicta in a Washington State Supreme Court opinion that recognizes "that inmates face a substantial risk of serious harm because 'in prison and jail facilities inmates live in close confinement with one another with no real choice as to social distancing or other measures to control [sic] spread of the virus.'" *Id.* (quoting *Colvin v. Inslee*, 195 Wn.2d 879, 900 (Wash. 2020)).

Defendant's citations merely support that Defendant justified prohibiting access to the sweat lodge and smudge pad because of the risk of COVID-19 and that COVID-19 threatens the health of inmates living in close confinement. The mere connection between the lack of access of which Plaintiff complains and COVID-19 is insufficient to overcome the well-established First Amendment requirements that prison officials refrain from substantially burdening inmates' exercise of their sincerely held religious beliefs unless a limitation on their free exercise rights is reasonably related to furtherance of a legitimate penological interest. *See Shakur*, 514 F.3d at 884. The Court cannot determine without information beyond the Amended Complaint whether the alleged complete prohibition against visiting the sweat lodge or smudge pad was reasonably related to a legitimate penological interest, including whether there were alternative means available to Plaintiff of

exercising his beliefs or how accommodating Plaintiff's religious practices would have affected prison staff and other inmates.

Plaintiff's Amended Complaint sufficiently states a claim for purposes of Fed. R. Civ. P. 12(b)(6), and dismissal is not appropriate at this time.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim, **ECF No. 32**, is **DENIED**.
2. A Notice of Scheduling Conference shall be issued separately to reset a Jury Trial Scheduling Conference in this matter and to set a new deadline for the parties to file a Joint Status Report.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and Plaintiff.

**DATED** June 25, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge